Hall, J.
1. Where a landlord’s special lien, for supplies, money, •etc., was assigned, and was foreclosed by the assignee and levied on the •crop of the tenant, and a claim was interposed by one who purchased the crop from tbe tenant with full notice of the lien and its assignment, he could not defeat it by setting up that the real contract between the original parties was one of sale and not of renting, and that it. was put in that iorm merely to conceal a charge of usury; the only thing in issue being the lien for supplies, and not the original contract for the •rent.
(a) If tbe defendant in execution assigned only his place in the ■contract to the claimant and paid him a valuable consideration to 'assume his obligation, the claimant could not set up the defence of usury ■against the plaintiff’s vendor; the assignment did not carry with it the ■right to make a defence on which the assignor refused to insist; and if the claimant had sought to purchase the right to carry on a litigation, it would have been champertous. 1 Kelly, 415; 4 Ga., 284, 286.
Sims & Shubrick; Colley & Fortson, for plaintiff in error.
Hardeman & Irvin, for defendant..
2. Where a landlord reserves in writing a special lien for supplies’ furnished, he can assign the same in writing, under the act of 1875; and’ when so assigned, it may be enforced by the assignee just as it could have been enforced by the landlord. It makes no difference that the lien was transferred on the day it was made and. before any supplies had been furnished by the landlord, the object of the assignment being to enable him to comply with his part of the contract. Besides, as to-the remedy and the right to enforce the lien, the assignee becomes quoad hoc the landlord. Acts 1875, p. 20; Code, §1978, sub sec. 2.
Judgment affirmed.